(18 Misc. Rep. 579.)

## VAN ORDEN et al. v. MORRIS et al.

(City Court of New York, General Term. December 10, 1896.)

1. BROKERS—RIGHT TO COMMISSIONS.
   A broker's right to commissions for obtaining a loan is complete when he finds a person ready to make the loan, and the terms thereof are agreed on.

2. PLEADING—AMENDMENT ON APPEAL.
   A pleading may be amended in the appellate court to conform to the proof where no substantial right of the adverse party is affected thereby.

Appeal from trial term.

Action by John Van Orden and others against Albert C. Morris and others to recover broker's commissions. From a judgment on a verdict for plaintiffs, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FITZSIMONS and O'DWYER, JJ.

George W. Miller, for appellants.

Joseph M. Williams, for respondents.

O'DWYER, J. The action was brought to recover broker's commissions for obtaining the acceptance of a loan of money to the defendants on a bond and mortgage. The complaint alleges that on or about the 1st day of September, 1894, the defendants applied to the plaintiffs' firm for a loan of $65,000 on certain lots and real property situated in the city of New York on the north side of 145th street, 200 feet west of Amsterdam avenue, on which the defendants were about to erect some buildings; that the plaintiffs applied to one Frederick A. Snow, of the city of New York, for said loan, and he granted the same, and the plaintiffs informed defendants of that fact, and introduced them to said Snow, and that they obtained said loan on the bond and mortgage of the defendant Albert C. Morris, to whom the title of the land was given, with the knowledge and consent of the other defendants; that the defendants promised and agreed to pay the plaintiffs, as their commissions and compensation for services in procuring the loan, the sum of $325. The answer of the defendants is a general denial. The plaintiff Van Orden, on the trial, testified that the title to the premises in question was taken in the name of the defendant Albert C. Morris for convenience, and that the defendants Albert C. Morris and James L. Osborne agreed

to pay him the sum of $325 for his services. There was a conflict of evidence between the parties whether an enforceable agreement to make and accept the loan was entered into, and the court left it to the jury to decide. The jury found in favor of the plaintiffs, and the evidence fully justified the verdict.

It appears that, although Mr. Snow and the defendants agreed upon the loan, as a matter of fact no money was advanced to the defendants by Mr. Snow, or by any person in his behalf. The reason for the failure to advance the amount of the loan is explained by Mr. Snow's testimony as found in the record, where he states:

"I was ready to make it. It was not made, because the gentlemen you referred to called at my office, and said that they had arranged for a loan with the Citizens' Savings Bank; that they had arranged for a more advantageous loan; and they asked me if I would consent to call the matter off, and I said I would. My office was ready and willing to take the loan."

The earning of the commission did not depend on the carrying out of the contract to loan the money. The plaintiffs had done all that was required of them and had earned the commissions when, at the defendants' solicitation, they had found and introduced to them a party ready, able, and willing to make the loan, and the terms of that loan were agreed upon. Nothing then remained for the plaintiffs to do. Their work was ended, and their commissions were earned. The cause of action proved was for procuring the person ready, able, and willing to make the loan upon terms that were agreed to by the defendants.

The allegation in the complaint that the loan was made on the bond and mortgage of the defendant Albert C. Morris was not true. In fact, as has been shown, no advances were made, and no bond or mortgage given. It was an error in so alleging, and resulted in a variance between the allegations and the proof, which, however, could not have misled the defendants. In every stage of the action, the court must disregard an error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse parties, and upon appeal may conform the pleadings to the proof. Code Civ. Proc. § 723.

The complaint is therefore ordered amended to conform to the proofs, and the judgment and order appealed from are hereby affirmed, with costs.

FITZSIMONS, J., concurs.